Lydia A. Keith
vs.
Narragansett Electric Co. } W. C. A. No. 1292.

April 30, 1932.

TANNER, J. This is a petition to recover compensation for the death of the petitioner's husband.

The evidence shows, and it is admitted, that a steel cabinet fell upon the abdomen of the deceased during the course of his employment. The deceased went to work the next day and worked for a number of weeks and then became ill and a cancer was found

upon his navel, which necessitated an operation, and he died of pneumonia, resulting from the operation. He also had myocarditis of the heart.

The petitioner claims that the death was due to the accident. It appears, however, from the testimony that the deceased had been ailing for a year or more and, was in very bad health. The pathological record at the hospital shows that he had a glandular cancer which spread from other parts of his abdomen to the navel. The medical testimony proved clearly that this condition had existed for some time before the accident.

The medical testimony for the petitioner indicates that the accident may have hastened the man's death by causing an acceleration of the growth. The medical testimony for the respondent indicates that there was a mere possibility that such was the case.

It is very clear from all the testimony that if the accident had not occurred, the deceased must have died within a short time anyhow because of the condition of his heart and the growth of the cancer. It is incumbent upon the petitioner to prove by a fair preponderance of the testimony that death resulted from or was hastened by the accident. We do not feel that the petitioner has sustained the burden of proof and it is not a reasonable inference but a mere possibility that the death may have been hastened by the accident. See the cases cited by the respondent to this effect.

We must, therefore, deny the petition.

For petitioner: Emilio D. Iannuccillo.

For respondent: Clifford Whipple, Earl Sweeney, Frank McGee.